COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

EL PASO COUNTY,                            §

                    Appellant,             §          No. 08-10-00071-CV

                                           §          Appeal from the

v.                                         §
                                                      205th Judicial District Court
                                           §
LAURA SOLORZANO, INDIVIDUALLY                         of El Paso County, Texas
AND AS NEXT FRIEND OF DANIEL               §
REYES, A MINOR                                        (TC#2008-777)
                                           §
                    Appellee.              §

## **O P I N I O N**

This is an interlocutory appeal by the County of El Paso from the denial of its plea to the

jurisdiction of Laura Solorzano's claims under the Texas Tort Claims Act, the Fourth and

Fourteenth Amendments of the U.S. Constitution, and 42 U.S.C. § 1983 for personal injury.

In February 2006, Daniel Reyes was a participant in the Samuel F. Santana Challenge

Boot Camp Program while under the custody of the El Paso County Juvenile Probation

Department ("the Department").[1]  On March 6, 2006, Mr. Reyes reported to Challenge Officer

Kanaan Pitts that Challenge Officer Jesus LeGrande struck him in the back with a cell door seven

to nine days earlier.  When the incident occurred, Officer LeGrande was under the Department's

employ, but he resigned shortly afterwards.  On March 6, 2006, the Department's facility nurse

provided Mr. Reyes with a medical assessment, and he was then taken to Thomason Hospital.

The Hospital notified Laura Solorzano, Mr. Reyes' mother, of his injury that day.

---

[1] According to the County, the Challenge Program is a post-adjudication, residential program
operated by the El Paso County Juvenile Probation Department.

On February 25, 2008, Ms. Solorzano filed suit individually and on behalf of her minor son, Mr. Reyes, against El Paso County ("the County"), arguing that the February 2006 incident resulted in "serious injuries" to various parts of Mr. Reyes' body. Ms. Solorzano alleged that the perpetrator was an agent, servant, representative, or employee of the County, and was acting within the scope of his employment when he committed the alleged act. In her petition, Ms. Solorzano alleged that Officer LeGrande was negligent in various respects when he closed the door to Mr. Reyes' cell, and that the County was negligent in the officer's hiring, supervision, and training, among other things. Ms. Solorzano also claimed that she had incurred medical care expenses on behalf of Mr. Reyes. She brought her claims under the Texas Tort Claims Act, arguing that the County's negligence in "the use, misuse, or failure to use tangible pieces of property while closing the jail cell door" resulted in its waiver of sovereign immunity, and that the County received actual notice of the incidents in question. She asserted that the County's refusal to provide Mr. Reyes with reasonable medical care after his injuries, as well as its failure to take preventative or remedial measures to guard against the alleged misconduct, violated his civil rights and Constitutional rights under the Fourth and Fourteenth Amendments and 42 U.S.C. § 1983.

After filing its answer, the County filed a plea to the jurisdiction to challenge the trial court's subject-matter jurisdiction, arguing primarily that Ms. Solorzano failed to plead a cause against the County because an employee of the El Paso Juvenile Probation Department is not an employee of the County. Ms. Solorzano then filed a response to the County's plea, and attached to it affidavits by her and Mr. Reyes, photographs of the facility and cell where Mr. Reyes was an inmate, an incident report regarding the alleged incident, an investigation report of the alleged

abuse, Mr. Reyes' complaint, an El Paso County Juvenile Probation Department memorandum to all Challenge Program staff, as well as a Texas Juvenile Probation Commission's notice of investigation findings. The court denied the County's plea. The County now makes the instant interlocutory appeal to challenge that denial.

In its sole issue, the County contends the trial court erred in denying its plea to the jurisdiction. A plea to the jurisdiction based on governmental immunity is a challenge to the trial court's subject-matter jurisdiction. *State v. Holland*, 221 S.W.3d 639, 642 (Tex. 2007). Because such a challenge presents a question of law, we review a court's ruling on a plea to the jurisdiction *de novo. Holland*, 221 S.W.3d at 642. The pleadings are the central focus of such a review, and they will be construed in the plaintiff's favor, with an eye toward the pleader's intent. *See Tex. Dept. of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). We will consider the pleadings, and any evidence relevant to the jurisdictional issue presented, without regard to the merits of the case itself. *Miranda*, 133 S.W.3d at 226. Our primary inquiry is whether the plaintiff's pleadings allege facts sufficient to demonstrate that jurisdiction exists. *Holland*, 221 S.W.3d at 642–43.

Absent the unit's consent, governmental immunity deprives a trial court of subject-matter jurisdiction over suits against the State, and certain governmental entities. *Miranda*, 133 S.W.3d at 224. The Texas Tort Claims Act ("TTCA") provides a limited waiver of governmental immunity, under which a governmental unit's immunity from suit exists side-by-side with its immunity from liability. *See* TEX.CIV.PRAC.&REM.CODE ANN. §§ 101.001–101.109 (West 2011); *Miranda*, 133 S.W.3d at 224–25. As the standard of review reflects, it is the plaintiff's burden to demonstrate a waiver of governmental liability provided by the TTCA. *Dallas Area*

*Rapid Transit v. Whitley*, 104 S.W.3d 540, 542 (Tex. 2003). To determine whether the plaintiff has met its burden, we consider the facts alleged in the petition, and to the extent it is relevant to the jurisdictional question presented, evidence submitted by the parties. *Id*.

The first argument the County raises is that the court erred in not granting the County's plea to the jurisdiction because the proper defendant should be the El Paso County Juvenile Board, which it claims to be a separate entity apart from the County, and so the trial court lacked subject-matter jurisdiction over this case. Although the County concedes that El Paso Juvenile Probation Department personnel are paid by and receive certain employment benefits from El Paso County, it contends that because the County does not have the legal right to control and supervise the details of juvenile probation personnel such as Officer LeGrande, these personnel are not County employees. In response, Ms. Solorzano contends the County failed to offer any evidence at trial to support its arguments, whereas she offered ample evidence to contradict the County's assertions. Ms. Solorzano asserts that she presented evidence at trial to show that Mr. Reyes was an inmate at a County facility when he was injured, that the cell door which caused his injuries was owned and maintained by the County, and that Mr. Reyes was in the County's custody when he was injured. On the other hand, according to Ms. Solorzano, the County did not present any evidence "as to how, why, or by what entity" the El Paso Juvenile Probation Department was created, "nor as to any of the other allegations" made by the County.

At the outset, we recognize that no Texas court of appeals has directly addressed whether the El Paso Juvenile Probation Department is a separate entity apart from El Paso County. Therefore, we are presented with a matter of first impression. In conducting our analysis, we will first review the relevant statutory provisions before turning to Texas Attorney General's

-4-

opinions, which although are not binding on an appellate court, are considered persuasive. *Comm'rs Court of Titus County v. Agan*, 940 S.W.2d 77, 82 (Tex. 1997).

Under certain circumstances, the State or a governmental unit of the State is liable for personal injuries caused "by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law." TEX.CIV.PRAC.&REM.CODE ANN. § 101.021(2). "Employee," as defined by the TTCA, means a person, including an officer or agent, who is in the paid service of a governmental unit by competent authority, but does not include an independent contractor, an agent or employee of an independent contractor, or a person who performs tasks the details of which the governmental unit does not have the legal right to control. TEX.CIV.PRAC.&REM.CODE ANN. § 101.001(2). Under the TTCA, a person is not an employee of a governmental unit if the person "performs tasks the details of which the governmental unit does not have the legal right to control." *See Murk v. Scheele*, 120 S.W.3d 865, 866 (Tex. 2003), *quoting* TEX.CIV.PRAC.&REM.CODE ANN. § 101.001(2). The statutory definition requires "control *and* paid employment to invoke the Tort Claim Act's waiver of immunity." *Adkins v. Furey*, 2 S.W.3d 346, 348 (Tex.App.--San Antonio 1999, no pet.).

The juvenile board of El Paso County ("the Board") is composed of the county judge, each family district judge, each juvenile court judge, up to five judges on the El Paso County of Judges elected by a majority vote of the council, a municipal judge selected by the chairman of the board, and a justice of peace selected by the chairman of the board.[2] TEX.HUM.RES.CODE

---

[2] Juvenile boards in Texas are statutorily created entities comprised of members designated by statute, and are entities with an existence separate and apart from their counties and commissioners courts. TEX.ATT'Y GEN.OP. No. JC-0209 (April 12, 2000).

ANN. § 152.0771(a). The Board is statutorily obligated to:

(1)   establish a juvenile probation department and employ a chief probation officer who meets the standards set by the Texas Juvenile Probation Commission; and

(2)   adopt a budget and establish policies, including financial policies, for juvenile services within the jurisdiction of the board.

TEX.HUM.RES.CODE ANN. § 152.0007(a)(West Supp. 2010). "Juvenile probation services" encompass "services provided by or under the direction of a juvenile probation officer in response to an order issued by a juvenile court and under the court's direction," as well as "services provided by a juvenile probation department that are related to the operation of a preadjudication or post-adjudication juvenile facility." TEX.HUM.RES.CODE ANN. § 142.001. The Texas Juvenile Probation Commission sets minimum standards for personnel, staffing, case loads, programs, facilities, record keeping, equipment, and other aspects of the Board's operations, which "are necessary to provide adequate and effective probation services." TEX.HUM.RES.CODE ANN. § 141.042.

With the commissioners court's advice and consent, the Board hires probation officers and other personnel "necessary to provide juvenile probation services according to the standards established by the Texas Juvenile Probation Commission and the local need as determined by the juvenile board." TEX.HUM.RES.CODE ANN. § 142.002. Furthermore, the Board "may, with the advice and consent of the commissioners court, designate the titles of the employees and set their salaries." TEX.HUM.RES.CODE ANN. § 142.002. The commissioners court is statutorily obligated to pay the salaries of juvenile probation personnel "and other expenses certified as necessary by the juvenile board chairman from the general funds of the county."

TEX.HUM.RES.CODE ANN. § 152.0004.  Juvenile probation personnel are considered state

employees for the purposes of governmental liability under Chapter 104 of the Civil Practice and

Remedies Code.  TEX.HUM.RES.CODE ANN. § 142.004(b).

The El Paso Juvenile Probation Department is funded with both county and state funds.

*See* TEX.HUM.RES.CODE ANN. §§ 141.081, 141.084, 152.0004, 152.0005, 152.0012; *see* LOCAL

GOV'T CODE ANN. § 111.094 (West 2008).  Section 152.0012 of the Code provides:

> The juvenile board shall prepare a budget for the juvenile probation
> department and the other facilities and programs under the jurisdiction of the
> juvenile board.  The commissioners court shall review and consider only the
> amount of county funds derived from county taxes, fees, and other county sources
> in the budget.  The commissioners court may not review any part of the budget
> derived from state funds.

TEX.HUM.RES.CODE ANN. § 152.0012.  As such, the commissioners court's authority over the

Department's budget is limited.  *See id*.  Under Section 140.003 of the Local Government Code,

the Department is a "specialized local entity" that is required to deposit funds it receives in the

county treasury.[3]  LOCAL GOV'T CODE ANN. § 140.003(a), (f).  It is also subject to the purchasing

requirements applicable to the county under subchapter C of Chapter 262 of the Local

Government Code.  LOCAL GOV'T CODE ANN. § 140.003(b).

Section 152.0772 of the Human Resources Code provides for El Paso County Institutions

specifically.  The El Paso County Juvenile Board appoints a person to supervise the county

---

[3] Once the county funds budgeted for the Department are transferred to the Department, they are
deposited in a special account in the county treasury, along with state funds allocated to the
Department.  The funds then become the Department's funds to be disbursed as directed by the
Board, and lose their character as county funds.  Although disbursements from the account are
subject to the county auditor's review, the commissioners court does not have authority to review
the Department's expenditures.  TEX.ATT'Y GEN.OP. No. JC-0209, *citing* LOCAL GOV'T CODE
ANN. §§ 140.003(f), (g); TEX.ATT'Y GEN.OP. Nos. JC-0085 (Aug. 9, 1999), DM-460 (Dec. 17,
1997), DM-257 (Sept. 15, 1993).

facilities under the Board's jurisdiction, and this supervisor also directs the policies and conduct of each institution.[4] TEX.HUM.RES.CODE ANN. § 152.0772(a). The Board appoints the head of each facility, and the facility head may hire employees that the Board determines are necessary. TEX.HUM.RES.CODE ANN. § 152.0772(b).

In arguing that the Department is a separate entity apart from the County, the County directs us to an Attorney General's Opinion, No. DM-460. TEX.ATT'Y GEN.OP. No. DM-460 (Dec. 17, 1997). Because no statutory provision clearly addresses whether the El Paso Juvenile Probation Department is a separate entity or a part of El Paso County, the Attorney General in that opinion reviewed the Department's characteristics, including its source of funding, accountability, and supervision to answer this question. TEX.ATT'Y GEN.OP. No. DM-460, *quoting Lohec v. Galveston County Comm'rs Court*, 841 S.W.2d 361, 363 (Tex. 1992). Based on the relevant statutory provisions, the Attorney General determined that "[t]he purpose of the department, the provision of juvenile probation services, is not merely a county concern, but a state-wide one, provided in response to and under the direction of juvenile court orders and governed by state regulations." TEX.ATT'Y GEN.OP. No. DM-460, *citing* TEX.HUM.RES.CODE ANN. §§ 141.042, 142.001, 152.0007. Moreover, the commissioners court lacks authority in the "creation and composition of the [B]oard" because the Board is a statutorily created entity consisting of statutorily-designated members. *Id.*, *citing* TEX.HUM.RES.CODE ANN. § 152.0771.

---

[4] Section 152.0008 of the Texas Human Resources Code provides that the chief juvenile probation officer may, "within the budget adopted by the [B]oard," employ officers who qualify under the standards set by the Texas Juvenile Probation Commission, and "other necessary personnel." TEX.HUM.RES.CODE ANN. § 152.0008(a). This Section further provides that "[j]uvenile probation officers serve at the pleasure of the appointing authority." TEX.HUM.RES.CODE ANN. § 152.0008(b).

The Board hires the Department's personnel, sets their salaries, without any supervision by the commissioners court. *Id.*, *citing* TEX.HUM.RES.CODE ANN. §§ 142.002(b), 152.0007(a). Additionally, Department personnel are considered state employees for purposes of state liability and indemnification for acts of negligence and criminal prosecution. *Id.*, *citing* TEX.HUM.RES. CODE ANN. § 142.004(b). Even though the Department's budget includes both county and state funds, the commissioners court has limited control even over portion of the budget funded by the county.[5] *Id.*, *citing* TEX.HUM.RES.CODE ANN. §§ 142.002(b), 152.0004, 152.0012. Finally, the Attorney General determined that the Board or the Department, is specifically empowered, without an express provision for County oversight, to enter into certain contracts. *Id.*, *citing* TEX.HUM.RES.CODE ANN. §§ 141.0432(d), (e), 142.003(b), 152.0011. Although the Department was subject to some County supervision in the deposit and disbursement of Department funds, the Attorney General stated that it did not believe this requirement indicated that the Department is part of the County. *Id.*, *citing* LOCAL GOV'T CODE ANN. § 140.003. The Attorney General stated that this instead "indicates that the [D]epartment is distinct from the [C]ounty," reasoning that if the Department was part of the County, "there would be no need to require the deposit of [D]epartment funds in the [C]ounty treasury and disbursement by the [C]ounty." TEX.ATT'Y GEN.OP. No. DM-460. Based on the foregoing factors, the Attorney General concluded that the Department is an entity independent of the County. *Id.*

---

[5] In explaining Section 152.0012's restriction on the commissioners court's review to the part of the budget derived from county funds, the Attorney General's Opinion cited to the legislative purpose of the provision, stating: "Representative Goodman . . . has stated that the purpose was to allow the commissioners court to review the budget in order to adequately prepare for the level of county funding that will be necessary; it was not to give veto power over the budget." TEX.ATT'Y GEN.OP. No. DM-460, *citing* Debate on H.B. 327 on the Floor of the House, 74th Leg., R.S. (May 25, 1995).

After reviewing the relevant laws and persuasive authorities, we conclude an employee of the El Paso Juvenile Probation Department is not an "employee" of the El Paso County under the TTCA because he is not subject to the County's control. *See Murk*, 120 S.W.3d at 866, *quoting* TEX.CIV.PRAC.&REM.CODE ANN. § 101.001(2); *Adkins*, 2 S.W.3d at 348. Because the County's immunity from suit was not waived under the TTCA, the trial court lacked subject-matter jurisdiction over Ms. Solorzano's cause of action. *See Adkins*, 2 S.W.3d at 348. We sustain Issue One to the extent of the County's first argument. Having determined that the trial court erred in denying the County's plea to the jurisdiction with respect to Ms. Solorzano's claims under the TTCA on this basis, we need not address the County's second argument that the court erred in denying the plea because Ms. Solorzano failed to provide the County with notice as required by the Act.

The County's final argument pertains to Ms. Solorzano's Section 1983 claim. The County first argues that her claim must fail because she lacked standing to bring any such claims against the County where an employee of the Department, and not the County, committed the alleged acts underlying her claim.

A cause of action under 42 U.S.C. § 1983 requires (1) the conduct complained-of to be committed by a person acting under color of state law, and (2) the conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States. *County of El Paso v. Dorado*, 180 S.W.3d 854, 862 (Tex.App.--El Paso 2005, pet. denied.). Having determined that the El Paso Juvenile Probation Department is a separate governmental entity apart from the County, we conclude that El Paso County was not a proper party to Ms. Solorzano's Section 1983 claim. Therefore, we need not address the County's argument that

-10-

Ms. Solorzano failed to allege a cognizable Section 1983 claim. Because El Paso County is a separate entity, Ms. Solorzano has failed to state a claim in the instant case upon which relief may be granted. Accordingly, we sustain the County's sole issue that the trial court lacked jurisdiction over this case and erred in denying the County's plea to the jurisdiction.[6]

Having sustained the County's issue, we reverse the trial court's order denying the plea to jurisdiction and dismiss this suit for want of jurisdiction.

September 21, 2011

DAVID WELLINGTON CHEW, Chief Justice

Before Chew, C.J., McClure, and Rivera, JJ.

---

[6] Upon reflection, I do not understand why the failure to state a proper 1983 claim or to sue the proper party is a jurisdictional defect that can be properly raised in a plea to the jurisdiction. But it appears to be the consensus in Texas and this Court has so held. *Gomez v. Housing Authority of the City of El Paso*, 148 S.W.3d 471 (Tex.App.--El Paso 2004, pet.denied).