COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

|  |  |  |
|---|---|---|
| | § | |
| EL PASO COUNTY JUVENILE BOARD, | § | No. 08-11-00206-CV |
| | § | Appeal from |
| Appellant, | § | 34th District Court |
| v. | § | of El Paso County, Texas |
| DOLORES AGUILAR, | § | (TC # 2009-667) |
| Appellee. | § | |

## O P I N I O N

The El Paso County Juvenile Board appeals from an interlocutory order denying its plea to the jurisdiction. For the reasons that follow, we reverse.

### FACTUAL SUMMARY

Dolores Aguilar filed suit alleging that the Juvenile Board terminated her employment in violation of Chapter 451 of the Texas Labor Code because she filed a claim for worker's compensation. A few days after the Supreme Court issued *Travis Central Appraisal District v. Norman*, 342 S.W.3d 54 (Tex. 2011), the Juvenile Board filed a plea to the jurisdiction asserting that it is immune from suit because it is a political subdivision and its immunity has not been waived. Aguilar responded that *Norman* did not control because the Juvenile Board is not a political subdivision. The trial court denied the plea to the jurisdiction. The Juvenile Board timely filed its notice of accelerated appeal. *See* TEX.CIV.PRAC.&REM.CODE ANN. § 51.014 (a)(8)(West Supp. 2011).

### NO WAIVER OF IMMUNITY

In its sole issue, the Juvenile Board argues that the trial court lacks subject matter jurisdiction because it is a political subdivision under Section 504.001 of the Texas Labor Code and its governmental immunity from suit has not been waived. Aguilar concedes in her brief that the Juvenile Board is a political subdivision as defined in Section 504.001(3) of the Labor Code and that *Norman* controls this appeal. Despite Aguilar's concession, we will address the issue as subject matter jurisdiction cannot be conferred by consent, waiver, or estoppel. *See Van Independent School District v. McCarty*, 165 S.W.3d 351, 354 (Tex. 2005); *Dubai Petroleum Co. v. Kazi*, 12 S.W.3d 71, 76 (Tex. 2000).

Sovereign immunity protects the State, its agencies, and its officials from lawsuits for damages. *Ben Bolt-Palito Blanco Consolidated Independent School District v. Texas Political Subdivisions Property/Casualty Joint Self-Insurance Fund*, 212 S.W.3d 320, 323-24 (Tex. 2006). The common-law doctrine of governmental immunity likewise protects political subdivisions of the state. *Id.*, 212 S.W.3d at 324. A political subdivision enjoys governmental immunity from suit to the extent that it has not been abrogated by the Legislature. *Id.*

We review a trial court's ruling on a plea to the jurisdiction *de novo*. *Texas Department of Parks and Wildlife v. Miranda*, 133 S.W.3d 217, 228 (Tex. 2004). Where, as here, the jurisdictional question is limited to the sufficiency of the plaintiff's pleadings, we will accept as true all factual allegations in the petition to determine if the plaintiff has met her burden to allege facts which affirmatively demonstrate a waiver. *Miranda*, 133 S.W.3d at 224.

Aguilar filed suit alleging that the Juvenile Board retaliated by discharging her because she filed a worker's compensation claim. Section 451.001 specifically prohibits an employer from retaliating against an employee because the employee files a good faith claim for worker's compensation. *See* TEX.LABOR CODE ANN. § 451.001(1)(West 2006). An employee who is

terminated or discriminated against in violation of Section 451.001 has a cause of action against the employer for damages incurred as a result of the violation. *See* TEX.LAB.CODE ANN. § 451.002. A cause of action based on Chapter 451 cannot proceed against a governmental entity absent Legislative consent to the suit. *Texas Workforce Commission v. Olivas*, 349 S.W.3d 174, 176 (Tex.App.--El Paso 2011, pet. filed). To the extent immunity may be waived, that waiver is provided by the State Applications Act (SAA) found in Chapter 501 of the Labor Code or by the Political Subdivisions Law (PSL) found in chapter 504 of the Labor Code. *See* TEX.LAB.CODE ANN. §§ 501.001-501.051 (West 2006 & West Supp. 2011)(the SAA); TEX.LAB.CODE ANN. §§ 504.001-504.073 (The PSL). The SAA and the PSL make many of the provisions of the worker's compensation system applicable to the state (the SAA) and political subdivisions of the state (the PSL). *See* TEX.LAB.CODE ANN. § 501.001(6)(SAA); TEX.LAB.CODE ANN. § 504.001(3)(PSL).

Both the SAA and the PSL provide that Chapter 451, the Anti-Retaliation Law, is included within the SAA and PSL except to the extent it is inconsistent with the provisions of these chapters. TEX.LAB.CODE ANN. § 501.002(a)(10); TEX.LAB.CODE ANN. § 504.002(a)(10). The Legislature amended the PSL in 2005 to provide that "[n]othing in this chapter waives sovereign immunity or creates a new cause of action." TEX.LAB.CODE ANN. § 504.053(e). The Supreme Court held in *Travis Central Appraisal District v. Norman* that with the addition of the no-waiver provision, the PSL no longer waives immunity for retaliatory discharge claims under Chapter 451. *Travis Central Appraisal District*, 342 S.W.3d at 58-59.

The Juvenile Board argues it is a political subdivision under the PSL because it is a "county board," and therefore, its governmental immunity has not been waived. The PSL defines "political subdivision" as a county, municipality, special district, school district, junior

college district, housing authority, community center for mental health and mental retardation services established under Chapter 534 of the Health and Safety Code, or any other legally constituted political subdivision of the state. TEX.LAB.CODE ANN. § 504.001(3). A county juvenile board is not specifically identified as a political subdivision in the statute. The issue is whether it is a legally constituted political subdivision of the state.

The Texas Supreme Court has held that a political subdivision: (1) has jurisdiction over a portion of the State, (2) has the power to assess and collect taxes, and (3) the members of its governing body are elected in local elections or are appointed by locally elected officials. *Guaranty Petroleum Corporation v. Armstrong*, 609 S.W.2d 529, 531 (Tex. 1980). A juvenile board is a body established by law to provide juvenile probation services to a county. TEX.HUM.RES.CODE ANN. § 201.001(6)(West Supp. 2011). To that end, a juvenile board is required to establish a juvenile probation department, employ personnel to conduct probation services, and to operate or supervise juvenile probation services in the county. TEX.HUM.RES.CODE ANN. § 152.0007 (West 2001). Thus, the Juvenile Board has jurisdiction over only a portion of the State.

The Juvenile Board does not have the power to assess and collect taxes. It does, however, have the authority to establish certain fees. TEX.FAM.CODE ANN. § 53.03 (West 2008). The Juvenile Board of El Paso County is composed of the county judge, each family district court judge, each juvenile court judge, up to five judges on the "El Paso Council of Judges" to be elected by majority vote of that council, a municipal judge from El Paso County selected by the chairman of the Juvenile Board of El Paso County, and a justice of the peace in El Paso County selected by the chairman of the Juvenile Board of El Paso County. TEX.HUM.RES.CODE ANN. § 152.0771(a)(West 2001). The elected members of the

governing body are elected in local elections to other offices and are not elected solely to serve on the juvenile board. At least some of the members of the governing body are appointed by locally elected officials.

While the Juvenile Board does not strictly meet every element of the general judicial definition of a political subdivision, we bear in mind the unusual nature of a juvenile board. A juvenile board is a statutorily created entity which exists separately from the county its serves and the commissioners court. *See El Paso County v. Solorzano*, 351 S.W.3d 577, 581 n.2 (Tex.App.--El Paso 2011, no pet.). The Juvenile Board and the Juvenile Probation Department are funded with both county and state funds. *Solorzano*, 351 S.W.3d at 583; *see* TEX.HUM.RES.CODE ANN. §§ 152.0012, 152.0054, 223.001-.005. A juvenile board may, with the advice and consent of the commissioners court, employ probation officers and other personnel necessary to provide juvenile probation services. TEX.HUM.RES.CODE ANN. § 142.002. The commissioners court is required to pay the salaries of juvenile probation personnel and other necessary expenses from the county's general funds. TEX.HUM.RES.CODE ANN. § 152.0004. Even though a juvenile board is a separate governmental entity, a juvenile board's employees are considered to be county employees because they are paid and their benefits are provided by the county. *See* TEX.HUM.RES.CODE ANN. § 222.006 (providing that a juvenile probation officer whose jurisdiction covers only one county is considered to be an employee of that county). Further, the Legislature appears to consider a juvenile board as a political subdivision. Section 142.004 of the Human Resources Code provides that juvenile probation personnel employed by a political subdivision of the state are state employees for the purposes of Chapter 104 of the Civil Practice and Remedies Code.[1] TEX.HUM.RES.CODE ANN. §

---

[1] Under Chapter 104, the state is required to indemnify state employees for actual damages, court costs, and attorney's fees adjudged against them if the damages are based on an act or omission by the person in the course and

142.004(b)(West 2001). We agree with the Juvenile Board that this provision would be unnecessary if juvenile probation personnel were state employees. For all of these reasons, we conclude that the El Paso County Juvenile Board is a political subdivision of the state for purposes of Chapter 504 of the Labor Code. Consequently, the Juvenile Board's governmental immunity has not been waived with respect to Aguilar's retaliatory discharge suit under Chapter 451. *Travis Central Appraisal District*, 342 S.W.3d at 58-59. The sole issue presented on appeal is sustained. We reverse the trial court's order denying the plea to the jurisdiction and render judgment dismissing Aguilar's suit for want of subject matter jurisdiction.

May 9, 2012

_____
ANN CRAWFORD McCLURE, Chief Justice

Before McClure, C.J., Rivera, and Antcliff, JJ.

---

scope of the person's employment, and the damages arise out of a negligence action, or cause of action for deprivation of a right, privilege, or immunity unless the person acted in bad faith with conscious indifference or reckless disregard, provided that indemnification is in the interest of the state as determined by the attorney general. *See* TEX.CIV.PRAC.&REM.CODE ANN. § 104.001-.002 (West 2005).