COURT OF
APPEALS

                                                   EIGHTH DISTRICT OF
TEXAS

                                                              EL
PASO, TEXAS

 


 
 
  
  
 EL PASO COUNTY JUVENILE
 BOARD,
  
                                    
 Appellant,
  
 v.
  
 DOLORES AGUILAR,
  
                                     Appellee.
 
 
 
  
 '
    
 '
    
 '
    
 '
    
 '
  
 '
 
 
  
  
                   No. 08-11-00206-CV
  
                          Appeal from
  
 34th District Court
  
 of El Paso County,
 Texas
  
 (TC # 2009-667)
 
 
 
 
  
  
 
 
  
  
 
 
  
  
 
 


                                                                  O
P I N I O N

 

The El Paso County Juvenile Board appeals from an interlocutory order
denying its plea to the jurisdiction.  For
the reasons that follow, we reverse.

FACTUAL SUMMARY

            Dolores Aguilar filed suit alleging
that the Juvenile Board terminated her employment in violation of Chapter 451
of the Texas Labor Code because she filed a claim for worker’s compensation.  A few days after the Supreme Court issued Travis Central Appraisal District v. Norman,
342 S.W.3d 54 (Tex. 2011), the Juvenile Board filed a plea to the jurisdiction
asserting that it is immune from suit because it is a political subdivision and
its immunity has not been waived. 
Aguilar responded that Norman did
not control because the Juvenile Board is not a political subdivision.  The trial court denied the plea to the
jurisdiction.  The Juvenile Board timely
filed its notice of accelerated appeal.  See Tex.Civ.Prac.&Rem.Code
Ann. § 51.014 (a)(8)(West Supp. 2011).

NO WAIVER OF IMMUNITY

            In its sole issue, the Juvenile
Board argues that the trial court lacks subject matter jurisdiction because it
is a political subdivision under Section 504.001 of the Texas Labor Code and its
governmental immunity from suit has not been waived.  Aguilar concedes in her brief that the
Juvenile Board is a political subdivision as defined in Section 504.001(3) of the
Labor Code and that Norman controls
this appeal.  Despite Aguilar’s
concession, we will address the issue as subject matter jurisdiction cannot be
conferred by consent, waiver, or estoppel. 
See Van Independent School
District v. McCarty, 165 S.W.3d 351, 354 (Tex. 2005); Dubai Petroleum Co. v. Kazi, 12 S.W.3d 71, 76 (Tex. 2000).

            Sovereign immunity protects the State,
its agencies, and its officials from lawsuits for damages.  Ben
Bolt-Palito Blanco Consolidated Independent School District v. Texas Political
Subdivisions Property/Casualty Joint Self-Insurance Fund, 212 S.W.3d 320,
323-24 (Tex. 2006).  The common-law
doctrine of governmental immunity likewise protects political subdivisions of
the state.  Id., 212 S.W.3d at 324.  A political subdivision enjoys
governmental immunity from suit to the extent that it has not been abrogated by
the Legislature.  Id.

            We review a trial court’s ruling on
a plea to the jurisdiction de novo.  Texas
Department of Parks and Wildlife v. Miranda, 133 S.W.3d 217, 228 (Tex.
2004).  Where, as here, the
jurisdictional question is limited to the sufficiency of the plaintiff’s
pleadings, we will accept as true all factual allegations in the petition to
determine if the plaintiff has met her burden to allege facts which
affirmatively demonstrate a waiver.  Miranda, 133 S.W.3d at 224.  

Aguilar filed suit alleging that the Juvenile Board retaliated by
discharging her because she filed a worker’s compensation claim.  Section 451.001 specifically prohibits an
employer from retaliating against an employee because the employee files a good
faith claim for worker’s compensation.  See Tex.Labor
Code Ann. § 451.001(1)(West 2006). 
An employee who is terminated or discriminated against in violation of Section
451.001 has a cause of action against the employer for damages incurred as a
result of the violation.  See Tex.Lab.Code
Ann. § 451.002.  A cause of action
based on Chapter 451 cannot proceed against a governmental entity absent
Legislative consent to the suit.  Texas Workforce Commission v. Olivas,
349 S.W.3d 174, 176 (Tex.App.--El Paso 2011, pet. filed).  To the extent immunity may be waived, that
waiver is provided by the State Applications Act (SAA) found in Chapter 501 of
the Labor Code or by the Political Subdivisions Law (PSL) found in chapter 504
of the Labor Code.  See Tex.Lab.Code Ann.
§§ 501.001-501.051 (West 2006 & West Supp. 2011)(the SAA); Tex.Lab.Code Ann. §§ 504.001-504.073
(The PSL).  The SAA and the PSL make many
of the provisions of the worker’s compensation system applicable to the state (the
SAA) and political subdivisions of the state (the PSL).  See Tex.Lab.Code Ann. § 501.001(6)(SAA); Tex.Lab.Code Ann. § 504.001(3)(PSL).  

Both the SAA and the PSL provide that Chapter 451, the Anti-Retaliation
Law, is included within the SAA and PSL except to the extent it is inconsistent
with the provisions of these chapters.  Tex.Lab.Code Ann. § 501.002(a)(10); Tex.Lab.Code Ann. § 504.002(a)(10).  The Legislature amended the PSL in 2005 to
provide that “[n]othing in this chapter waives sovereign immunity or creates a
new cause of action.”  Tex.Lab.Code Ann. § 504.053(e).  The Supreme Court held in Travis Central Appraisal District v. Norman
that with the addition of the no-waiver provision, the PSL no longer waives
immunity for retaliatory discharge claims under Chapter 451.  Travis
Central Appraisal District, 342 S.W.3d at 58-59.  

The Juvenile Board argues it is a political subdivision under the PSL
because it is a “county board,” and therefore, its governmental immunity has
not been waived.  The PSL defines “political subdivision” as a county,
municipality, special district, school district, junior college district,
housing authority, community center for mental health and mental retardation
services established under Chapter 534 of the Health and Safety Code, or any
other legally constituted political subdivision of the state.  Tex.Lab.Code
Ann. § 504.001(3).  A county
juvenile board is not specifically identified as a political subdivision in the
statute.  The issue is whether it is a
legally constituted political subdivision of the state.

The Texas Supreme
Court has held that a political subdivision: 
(1) has jurisdiction over a portion of the State, (2) has the power to
assess and collect taxes, and (3) the members of its governing body are elected
in local elections or are appointed by locally elected officials.  Guaranty
Petroleum Corporation v. Armstrong, 609 S.W.2d 529, 531 (Tex. 1980).  A juvenile board is a body established by law
to provide juvenile probation services to a county.  Tex.Hum.Res.Code
Ann. § 201.001(6)(West Supp. 2011). 
To that end, a juvenile board is required to establish a juvenile
probation department, employ personnel to conduct probation services, and to
operate or supervise juvenile probation services in the county.  Tex.Hum.Res.Code
Ann. § 152.0007 (West 2001).  Thus,
the Juvenile Board has jurisdiction over only a portion of the State.  

The Juvenile
Board does not have the power to assess and collect taxes.  It does, however, have the authority to
establish certain fees.  Tex.Fam.Code Ann. § 53.03 (West 2008).   The Juvenile Board of El Paso County is
composed of the county judge, each family district court judge, each juvenile
court judge, up to five judges on the “El Paso Council of Judges” to be elected
by majority vote of that council, a municipal judge from El Paso County
selected by the chairman of the Juvenile Board of El Paso County, and a justice
of the peace in El Paso County selected by the chairman of the Juvenile Board
of El Paso County.  Tex.Hum.Res.Code Ann. § 152.0771(a)(West
2001).  The elected members of the
governing body are elected in local elections to other offices and are not
elected solely to serve on the juvenile board. 
At least some of the members of the governing body are appointed by
locally elected officials.

While the
Juvenile Board does not strictly meet every element of the general judicial
definition of a political subdivision, we bear in mind the unusual nature of a
juvenile board.  A juvenile board is a
statutorily created entity which exists separately from the county its serves
and the commissioners court.  See El Paso County v. Solorzano, 351
S.W.3d 577, 581 n.2 (Tex.App.--El Paso 2011, no pet.).  The Juvenile Board and the Juvenile Probation
Department are funded with both county and state funds.  Solorzano,
351 S.W.3d at 583; see Tex.Hum.Res.Code Ann. §§ 152.0012, 152.0054, 223.001-.005.  A juvenile board may, with the advice and
consent of the commissioners court, employ probation officers and other personnel
necessary to provide juvenile probation services.  Tex.Hum.Res.Code
Ann. § 142.002.  The commissioners
court is required to pay the salaries of juvenile probation personnel and other
necessary expenses from the county’s general funds.  Tex.Hum.Res.Code
Ann. § 152.0004.  Even though a
juvenile board is a separate governmental entity, a juvenile board’s employees are
considered to be county employees because they are paid and their benefits are
provided by the county.  See Tex.Hum.Res.Code
Ann. § 222.006 (providing that a juvenile probation officer whose
jurisdiction covers only one county is considered to be an employee of that
county).  Further, the Legislature
appears to consider a juvenile board as a political subdivision.  Section 142.004 of the Human Resources Code
provides that juvenile probation personnel employed by a political subdivision
of the state are state employees for the purposes of Chapter 104 of the Civil
Practice and Remedies Code.[1]  Tex.Hum.Res.Code
Ann. § 142.004(b)(West 2001).  We
agree with the Juvenile Board that this provision would be unnecessary if
juvenile probation personnel were state employees.  For all of these reasons, we conclude that
the El Paso County Juvenile Board is a political subdivision of the state for
purposes of Chapter 504 of the Labor Code. 
Consequently, the Juvenile Board’s governmental immunity has not been
waived with respect to Aguilar’s retaliatory discharge suit under
Chapter 451.  Travis Central Appraisal District, 342 S.W.3d at 58-59.  The sole issue presented on appeal is sustained.  We reverse the trial court’s order denying
the plea to the jurisdiction and render judgment dismissing Aguilar’s suit for
want of subject matter jurisdiction.

 

May 9, 2012                                        ________________________________________________

ANN CRAWFORD
McCLURE, Chief Justice

 

Before McClure, C.J., Rivera, and Antcliff, JJ.











[1]  Under Chapter 104, the state is required to
indemnify state employees for actual damages, court costs, and attorney’s fees
adjudged against them if the damages are based on an act or omission by the
person in the course and scope of the person’s employment, and the damages
arise out of a negligence action, or cause of action for deprivation of a
right, privilege, or immunity unless the person acted in bad faith with
conscious indifference or reckless disregard, provided that indemnification is
in the interest of the state as determined by the attorney general.  See
Tex.Civ.Prac.&Rem.Code Ann. § 104.001-.002
(West 2005).