

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| KIM BURT, | § | No. 08-11-00109-CV |
| Appellant, | § | Appeal from the |
| v. | § | 109th District Court |
| | § | |
| ANDREWS COUNTY HOSPITAL | | of Andrews County, Texas |
| DISTRICT D/B/A PERMIAN | § | |
| REGIONAL MEDICAL CENTER, | | (TC# 18,051) |
| | § | |
| Appellee. | | |

## O P I N I O N

After filing a worker's compensation claim, Appellant Kim Burt filed suit against her former employer, Andrews County Hospital District doing business as Permian Regional Medical Center (the Hospital), Appellee, alleging retaliatory discharge under Chapter 451 of the Texas Labor Code and intentional infliction of emotional distress. Burt now appeals the trial court's summary judgment in favor of the Hospital, contending in Issue One that she produced probative evidence that raised a genuine issue of material fact and, in Issue Two, that she raised more than a scintilla of evidence in support of each element of her retaliatory discharge claim.

### JURISDICTION

We first address the Hospital's jurisdictional challenge. A challenge to subject matter

jurisdiction may be raised for the first time on appeal by the parties or by the court, and a court is obliged to ascertain that subject matter jurisdiction exists regardless of whether the parties questioned it. *In re United Services Auto. Ass'n*, 307 S.W.3d 299, 306 (Tex. 2010).

When applicable law changes during the pendency of an appeal, we render our decision in light of the change. *See Blair v. Fletcher*, 849 S.W.2d 344, 345 (Tex.1993) (also noting that an appeal is considered to be pending when the appeal has been filed but before the reviewing court has rendered its decision). At the time Burt filed her suit and the trial court entered its order granting summary judgment in favor of the Hospital, neither Burt, the Hospital, nor the trial court had the benefit of the Texas Supreme Court's opinion in *Travis Central Appraisal District v. Norman*, 342 S.W.3d 54 (Tex. 2011), which was issued twenty-five days after Burt filed her notice of appeal. In *Norman*, the Supreme Court determined that the Political Subdivisions Law as amended in 2005 no longer waives a political subdivision's governmental immunity for retaliatory discharge claims brought against it under Chapter 451 of the Texas Labor Code.[1] TEX. LAB. CODE ANN. Ch. 451 (West 2006); *Norman*, 342 S.W.3d at 58-59. Therefore, a political subdivision enjoys its immunity from suit to the extent that such immunity has not been abrogated by the Legislature. *See El Paso County Juvenile Board v. Aguilar*, 387 S.W.3d 795, 797 (Tex.App. – El Paso 2012, no pet.), *citing Ben Bolt-Palito Blanco Consol. Ind. School Dist. v. Texas Political Subdivisions Property/Casualty Joint Self-Insurance Fund*, 212 S.W.3d 320, 323-24 (Tex. 2006).

Section 504.001(3) of the Texas Labor Code defines "political subdivision" to mean a county, municipality, special district, school district, junior college district, housing authority,

---

[1] Governmental immunity protects political subdivisions such as counties, cities, and school districts from suit and liability. *See Wichita Falls State Hosp. v. Taylor*, 106 S.W.3d 692, 694 n.3 (Tex. 2003).

2

community center for mental health and mental retardation services established under Subchapter A, Chapter 534, of the Texas Health and Safety Code, or any other legally constituted political subdivision of the state. TEX. LAB. CODE ANN. § 504.001(3) (West 2006). The Hospital contends that it is a political subdivision for purposes of the Texas Workers' Compensation Act and enjoys governmental immunity from anti-retaliation claims brought under Section 451.001 of the Texas Labor Code. TEX. LAB. CODE ANN. §§ 451.001, 504.001(3) (West 2006); *compare* TEX. CIV. PRAC. & REM. CODE ANN. §§ 101.001(3), 101.002 (West 2005) (a county is a political subdivision for purposes of the Texas Tort Claims Act); *Harris County Hosp. Dist. v. Tomball Reg. Hosp.*, 283 S.W.3d 838, 842 (Tex. 2009) (county hospital districts are political subdivisions which have governmental immunity). We agree.

Because subject matter jurisdiction is lacking, we vacate the trial court's judgment and render judgment dismissing the case.

## CONCLUSION

The trial court's judgment is vacated and judgment is rendered dismissing the case.


GUADALUPE RIVERA, Justice

July 24, 2013

Before McClure, C.J., Rivera, and Antcliff, JJ.
Antcliff, J., not participating

3