ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

November 10, 2014

The Honorable Craig Watkins                    Opinion No. GA-1085
Dallas County District Attorney
Frank Crowley Courts Building                  Re:  Authority of the Dallas County Juvenile
133 North Riverfront Boulevard, LB 19          Board to hire an attorney as in-house counsel
Dallas, Texas 75207                            (RQ-1198-GA)

Dear Mr. Watkins:

You ask about the hiring authority of the Dallas County Juvenile Board (the "Board").[1] Specifically, you ask whether the Board may hire "an attorney, as a full-time employee, to provide in-house legal services to the Board, the Juvenile Department and the Charter School Board." Request Letter at 1. You state that the Civil Division of the Dallas County District Attorney's Office currently provides legal counsel to those entities. *Id.*

A juvenile board is "a body established by law to provide juvenile probation services to a county." TEX. HUM. RES. CODE ANN. § 201.001(a)(6) (West 2013). The authority of a particular county juvenile board is determined by general provisions of the Human Resources Code (the "Code") applicable to all juvenile boards, as well as any special statute applicable to that county. *See generally id.* §§ 152.0001–.0016 (West 2013 & Supp. 2014) (general provisions governing juvenile boards), 152.0071–.2571 (provisions applicable to specific counties); Tex. Att'y Gen. Op. No. DM-460 (1997) at 1. In examining the statutory authority of the Board, we look to the statute's plain language. *See R.R. Comm'n of Tex. v. Tex. Citizens for a Safe Future & Clean Water*, 336 S.W.3d 619, 628 (Tex. 2011). Words and phrases are "read in context and construed according to the rules of grammar and common usage." TEX. GOV'T CODE ANN. § 311.011(a) (West 2013).

The Dallas County Juvenile Board is established and governed by sections 152.0631 and 152.0632 of the Code. TEX. HUM. RES. CODE ANN. §§ 152.0631–.0632 (West 2013). Among other things, section 152.0631 directs the Board to appoint a director of juvenile services and a chief juvenile probation officer, but it does not expressly authorize the Board to hire an in-house

---

[1]*See* Letter from Honorable Craig Watkins, Dallas Cnty. Dist. Att'y, to Honorable Greg Abbott, Tex. Att'y Gen. at 1 (May 9, 2014), http://www.texasattorneygeneral.gov/opin ("Request Letter").

attorney or any employee to provide legal services. *Id.* § 152.0631(i). Section 152.0632 provides that the director of juvenile services "shall hire the employees of the juvenile probation department and of the county institutions and facilities and programs under the jurisdiction of the juvenile board." *Id.* § 152.0632(c). Section 152.0632 does not, however, specify the types of employees the director of juvenile services may hire; it merely establishes that the hiring of department employees is the responsibility of the director of juvenile services.

Two generally applicable provisions in the Code relate to the hiring authority of juvenile boards. The first provision, section 152.0008, authorizes the chief juvenile probation officer of a juvenile board to employ assistant officers and "other necessary personnel." *Id.* § 152.0008(a). The phrase "other necessary personnel" in section 152.0008 encompasses a broad range of possible employment positions that could include an in-house attorney should a juvenile board deem it necessary. However, by the express terms of the Board's creation statute, section 152.0008 does not apply to the Board. *See id.* § 152.0631(*l*) (providing that sections 152.0002 through 152.0008 "do not apply to the juvenile board of Dallas County").

The second provision, section 142.002, provides that

> [a] juvenile board may, with the advice and consent of the commissioners court, employ probation officers and administrative, supervisory, stenographic, and other clerical personnel necessary to provide juvenile probation services according to the standards established by the Texas Juvenile Probation Commission[2] and the local need as determined by the juvenile board.

*Id.* § 142.002(a) (footnote added). Subsection 142.002(a) does not expressly provide for the hiring of a legal position. Nevertheless, a court would likely conclude that an in-house attorney qualifies as an "administrative," "supervisory," or "clerical" position. Thus, section 142.002 authorizes the Board to hire an in-house counsel, with the advice and consent of the commissioners court, if the Board determines that the position is "necessary to provide juvenile probation services." *Id.*; *see also id.* § 142.001(1)–(2) (providing two definitions of "juvenile probation services").

You suggest that the Board may also have implied authority to hire an in-house attorney. Request Letter at 2. An agency has implied powers to the extent they "are reasonably necessary to fulfill its express functions or duties." *Pub. Util. Comm'n of Tex. v. City Pub. Serv. Bd. of San Antonio*, 53 S.W.3d 310, 316 (Tex. 2001). You direct us to a previous opinion of this office

---

[2]The Texas Juvenile Probation Commission was abolished in 2011 and replaced with the Texas Juvenile Justice Department. *See* Act of May 5, 2011, 82nd Leg., R.S., ch. 85, § 4.001, 2011 Tex. Gen. Laws 366, 341.

concluding that a juvenile board had the implied authority to retain private counsel to represent the board in litigation. Request Letter at 2; *see* Tex. Att'y Gen. Op. No. JC-0209 (2000) at 1–4. Although the juvenile board in that opinion sought to hire a different kind of position—a contract attorney for a specific legal matter as opposed to full-time, in-house attorney—the conclusion was based on the general principle that political subdivisions have the implied authority to obtain legal representation in the absence of constitutional or statutory limitations. Tex. Att'y Gen. Op. No. JC-0209 (2000) at 3; *see Guynes v. Galveston Cnty.*, 861 S.W.2d 861, 863–64 (Tex. 1993); *see also* Tex. Att'y Gen. Op. No. JC-0047 (1999) at 2–3. As with the Board, the juvenile board in that opinion did not have the benefit of the general hiring authority provided under section 152.0008. *See* Tex. Att'y Gen. Op. No. JC-0209 (2000) at 2 (citing the provision of the juvenile board's specific governing statute stating that subsection 152.0008(a) does not apply).

We are unaware of any constitutional or statutory provision that would limit the Board's implied authority to obtain legal representation. Moreover, the fact that section 152.0008 applies to some county juvenile boards, but not to the juvenile board of Dallas County, constitutes neither a prohibition against hiring necessary personnel nor a limitation on any other authority the Board may have. Therefore, a court would likely conclude that, in addition to the authority provided by subsection 142.002(a), the Board has the implied authority to hire an in-house attorney for the provision of general legal services if the Board determines that the position is necessary in order to provide juvenile probation services.[3]

---

[3]This conclusion is consistent with the fact that neither the Dallas County Commissioners Court nor the Dallas County District Attorney has a legal obligation to provide legal advice and representation to the Board. *See El Paso Cnty. v. Solorzano*, 351 S.W.3d 577, 581 n.2 (Tex. App.—El Paso 2011, no pet.) ("Juvenile boards in Texas are . . . separate and apart from their counties and commissioners courts."); TEX. GOV'T CODE ANN. §§ 41.007 (West 2004) (providing that a district attorney shall give legal advice to a county or precinct official, but only on request), 44.157 (establishing the duties of the Criminal District Attorney of Dallas County); *see also Guynes v. Galveston Cnty.*, 861 S.W.2d 861, 864 (Tex. 1993) (stating that district attorneys have no legal duty "to represent the county in its general legal business or the conduct of ordinary civil actions") (citations omitted).

## S U M M A R Y

A court would likely conclude that the Dallas County Juvenile Board may hire an attorney as a full-time employee to provide in-house legal services if the Board determines that the position is necessary to fulfill its legislative mandate to provide juvenile probation services.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

JAMES D. BLACKLOCK
Deputy Attorney General for Legal Counsel

VIRGINIA K. HOELSCHER
Chair, Opinion Committee

Stephen L. Tatum, Jr.
Assistant Attorney General, Opinion Committee